In the Matter of the Estate of EMIL BOMMER, Deceased.

Surrogate's Court, Kings County, November 28, 1940.

*Carl S. Heidenreich* [*Charles A. Kussmaul* of counsel], for John F. Voelkel, executor, petitioner.

*Charles F. Gehrmann*, attorney *pro se*, executor, petitioner.

*Blandy, Mooney & Shipman* [*Francis C. Leffler* of counsel], for Christine Bommer, legatee.

*Grossman & Combs* [*Benjamin Grossman* of counsel], for Anna L. E. Bommer, widow.

*Paul G. Gravenhorst*, special guardian for Emil Leopold Frohlich, infant legatee, and any and all future contingent interests not presently in being.

*Wright, Gordon, Zachry & Parlin* [*Heber Smith* of counsel], for Dartmouth College, residuary legatee.

DODD, J., Acting Surrogate. It would be difficult to conceive how the extremely complicated questions and adjustments which have been resolved by the proposed compromise could be more

succinctly and lucidly presented than has been accomplished in the comprehensive and painstaking report and memorandum of Paul G. Gravenhorst, Esq., the special guardian in the present instance, and he is entitled to, and is hereby accorded, the hearty commendation of the court.

In an application for compromise, the only questions with which the court is concerned are whether or not persons who are *non sui juris* or are not presently in being and possess actual or contingent present or future rights have been accorded adequate protection and whether due regard has been paid to the right of the decedent to make testamentary disposition of his property. (*Matter of Sidman,* 154 Misc. 675, 680.)

The report and memorandum of the learned special guardian have clearly demonstrated these essential points; indeed, it seems apparent that his ward will fare better under the proposed arrangement than would have been the case even if his rights had been successfully litigated to a conclusion. Under such circumstances the court does not possess, nor would it seek, any alternative but to approve of the proposed compromise and authorize its consummation by the special guardian.

One minor procedural matter deserves a word of observation and requires correction to the end that the adjustment may be invulnerable to any future attack. The questions of compromise have been submitted and captioned as a special, independent proceeding. This is erroneous practice since the authority of the surrogate in this connection is, by the final sentence of subdivision (f) of section 19 of the Decedent Estate Law, limited to the making of an order of approval of compromise by the words " in any pending proceeding." It follows from this limitation that a compromise is not an independent proceeding, but merely an adjunct to some other of the several varieties of proceedings authorized by the Surrogate's Court Act. (*Matter of Sidman,* 154 Misc. 675, 677.)

In the present instance this is what has actually been done. The purpose of the parties has been to compose the differences resulting from the decision made in the proceeding under section 145-a of the Surrogate's Court Act, instituted by the widow for a determination of her elective rights under section 18 of the Decedent Estate Law. Since appeals from the decree in that proceeding are now undetermined, the proceeding is still pending, and the compromise order may properly be entered therein. This will require merely an alteration of the caption of the application for approval of the compromise and a motion to that end may be deemed to have been made and granted *nunc pro tunc* as of the time of submission of the application.

Enter order on notice in conformity herewith.